UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BRENDA MOORE, )
 )
        PLAINTIFF, )
 )
vs. ) CASE NO. 13-CV-614-FHM
 )
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
 )
        DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Brenda Moore, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Brenda Moore's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Lantz McClain was held on November 23, 2011. By decision dated February 24, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 27, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

**Background**

Plaintiff was 51 years old on the alleged date of onset of disability and 52 on the date of the denial decision. Plaintiff has her general education diploma (GED) and past work experience includes credentialing specialist. Plaintiff claims to have become disabled as of October 15, 2010[2] due to anxiety, panic attacks, fibromyalgia, arthritis, depression, and lumbar radiculopathy. [R. 32, 142].

**The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to fibromyalgia, degenerative disc disease (cervical and lumbar spine), depression (recurrent and mild), and panic disorder with agoraphobia. [R. 14]. The ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b). Plaintiff can

---

[2] Plaintiff amended her onset date of disability from March 1, 2010 to October 15, 2010. [R. 32]. In the denial decision, the ALJ refers to March 1, 2010.

2

perform simple, repetitive tasks and have no more than incidental contact with the public. [R. 16]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 30]. Accordingly, the ALJ determined that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to properly consider the medical source opinions; 2) failed to perform a proper credibility determination; and 3) rejection of the vocational expert's testimony is not supported by substantial evidence.

## **Analysis**

### Medical Source Opinions

Plaintiff argues that the ALJ failed to properly consider the medical source opinions, specifically the opinions of Plaintiff's treating physician, Dr. Terence Williams, D.O., and psychiatric consultative examiner, Dr. Brian R. Snider, Ph.D.

#### Dr. Terence Williams, D.O.

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a

3

medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003).

Dr. Williams treated Plaintiff from April 16, 2008, through October 22, 2010. On March 3, 2010, he filled out a *Medical Source Opinion of Residual Functional Capacity* opining that Plaintiff, during an 8-hour work day, could infrequently stand and walk, and could frequently lift 10 pounds. Dr. Williams also concluded that Plaintiff had mental limitations, which were included in the RFC and are not at issue. Dr. Williams completed a Fibromyalgia Tender Point Diagram finding Plaintiff had 18/18 positive trigger points. [R. 223]. The medical findings Dr. Williams relied upon to support his assessment of Plaintiff's physical ability was Plaintiff's fibromyalgia. [R. 222]. On April 26, 2010, Dr. Williams filled out a temporary *Handicapped Parking Placard Application* on Plaintiff's behalf indicating that applicant "[c]annot walk 200 feet without stopping to rest," which the application stated was based upon his diagnosis of back pain with radiculopathy and fibromyalgia. [R. 224].

The ALJ made the following findings pertaining to Dr. Williams' opinion:

> Dr. Williams is not given controlling weight. His *Medical Source Opinion of Residual Functional Capacity* appears to exceed what is reasonable based upon the objective record. Dr. Williams (sic) medical records since April 16, 2008 never show any diagnosis concerning fibromyalgia until March 3, 2010, when the claimant brought in disability paperwork to be filled out. Further, Dr. Williams (sic) medical records after March 3, 2010 do not discuss the impairment of fibromyalgia.

[R. 19]. The ALJ's decision also referred to the diagnosis of fibromyalgia stating:

4

> Fibromyalgia is a disease recognized by the Court of Appeals for the Tenth Circuit in *Sisco v. U.S. Department of Health and Human Services,* 10 F.3d 739 (10th Cir. 1993). As noted by the court, there is no "dipstick" laboratory test for fibromyalgia. Id. At 733-44. However, the American College of Rheumatology in 1990 established the criteria for classification of fibromyalgia as requiring pain in eleven (11) of eighteen (18) tender point sites on digital palpation. The evidence of record in the instant claim does not reflect at any time during the relevant period the existence of the requisite number of trigger points.

[R. 18].

Plaintiff contends that Dr. Williams' opinion should have been given controlling weight. Dr. Williams' records do not mention fibromyalgia after the April 26, 2010 *Handicapped Parking Placard* Application, which is before the October 2010 onset date. [R. 224]. However, Plaintiff argues that the medical records of Dr. Elisa Peavey, D.O., of the OSU Clinic continue to document fibromyalgia which lends credence to Dr. Williams' opinion.

The treatment notes of neither Dr. Williams nor Dr. Peavey address any functional limitations resulting from fibromyalgia. The mere diagnosis of an impairment or condition is not sufficient to sustain a finding of disability. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). An impairment is not severe if it does not significantly limit a person's physical or mental ability to do basic work activities. *Branum v. Barnhart*, 385 F.3d 1268 (10th Cir. 2004); 20 C.F.R. § 416.921(a). Further Dr. Williams' records do not support the limitations contained in his opinion. On October 22, 2010, Dr. Williams noted Plaintiff has no radiculopathy. [R. 293]. Plaintiff's physical activities were not restricted by Dr. Williams.

5

The court finds that the ALJ's rejection of Dr. Williams' opinion as to the limiting effects of fibromyalgia is supported by the medical record.

Plaintiff argues that the ALJ erred because the decision did not discuss Dr. Peavey's opinion. Dr. Peavey of the OSU Clinic completed a Fibromyalgia Tender Point Diagram on November 2, 2011 which mirrors the findings of Dr. Williams – 18/18 positive tender points. [R. 339]. She also filled out a five (5) year *Handicapped Parking Placard Application* on Plaintiff's behalf checking the box that indicates the applicant "[i]s severely limited in his or her ability to walk due to an arthritic, neurological, or orthopedic condition, or complications due to pregnancy. [R. 206]. The court finds that the checking of a box on the application for a parking placard, standing alone, does not qualify as a medical opinion that the ALJ was required to discuss. Thus, there was no error in the ALJ's failure to discuss Dr. Peavey's "opinion" in the *Handicapped Parking Placard Application. See Parmley v. Astrue*, 2008 WL 3850250 (E.D. Ky. August 15, 2008) ("The ALJ is not bound by a treating physician's conclusory statement [checking a box on the handicap parking that the claimant was 'permanently disabled'], particularly where the ALJ determines, as she did in this case, . . . there is medical proof that Plaintiff retains the RFC to work in some capacity other than [his] past work.").

Although the court finds that the ALJ's rejection of Dr. Williams' and Dr. Peavy's opinions is not a basis for remand, the ALJ erred in not discussing the OSU clinic records and those of Dr. Peavy. The OSU clinic records of Dr. Peavy and others contain much information about Plaintiff's ongoing complaints of pain from November 2010 through 2011 that the ALJ is required to address. As a result of the ALJ's failure to address the OSU clinic and Dr. Peavy's records, the decision is not supported by substantial evidence. The

6

State Disability Determination Services (DDS) opinion that the ALJ relied upon to formulate his RFC was dated March 2010, [R. 22], which pre-dates the amended onset date of October 15, 2010, [R. 32], and which did not include consideration of any of the OSU clinic or Dr. Peavy's records. On remand, the ALJ should carefully and thoroughly evaluate and discuss Plaintiff's continued complaints of pain and her efforts to obtain relief that appear throughout the record, irrespective of whether those complaints had been diagnosed as fibromyalgia.

Dr. Brian R. Snider, Ph.D.

Plaintiff asserts that the ALJ failed to explain why he did not adopt the opinion of psychiatric consultative examiner, Dr. Brian R. Snider, D.O. [Dkt. 21, p. 9-10]. In his consultative examination report, Dr. Snider noted that Plaintiff's chief mental complaints were depression and anxiety. Dr. Snider opined:

> Ms. Moore would probably have minor difficulty understanding and carrying out simple instructions and would likely have moderate to marked difficulty with complex and detailed instructions. <u>She is likely to have moderate to marked difficulty concentrating and persisting through a normal work day without significant interference from her psychiatric symptoms.</u> Her ability to maintain a normal workday and work week without interruptions from her psychiatric symptoms is likely moderately to markedly impaired. In all likelihood, she would have moderate difficulty adapting appropriately to changes in the workplace and responding appropriately to coworkers and supervisors. Ms. Moore appears capable of managing her own funds responsibly.

[R. 262]. (Emphasis supplied).

Plaintiff asserts that the ALJ's RFC assessment acted as a rejection of Dr. Snider's opinion. [Dkt. 21, p. 9]. While there is no requirement in the regulations for a direct

7

correspondence between an RFC finding and a specific medical opinion on the functional capacity in question, Dr. Snider's opinion that Plaintiff was moderately to markedly limited in her ability to persist and maintain during a work day, [R. 262], conflicts with the DDS consultant's mental RFC assessment which did not contain that finding. [R. 267]. In fact, the DDS consultant found no limitations in that area, [R. 267], and found that Plaintiff can adapt to a work situation. [R. 268]. The ALJ stated he gave great weight to the consultative examiners and medical consultants of the Disability Determinations Services (DDS). [R. 22]. However, the ALJ did not discuss this difference of opinion, and it does not appear that he included a limitation related to the inability to adapt.

The court finds that the ALJ's decision must be reversed and the case remanded for the ALJ to explain why he chose the DDS opinion over the consultative examiner's opinion. *See Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007)(remanding case where ALJ provided no explanation for why he seemingly accepted some of the consultative examiner's uncontroverted restrictions while appearing to reject others.) *See also, Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996)(ALJ must discuss evidence supporting his decision, the uncontroverted evidence he chooses not to rely on, and the significantly probative evidence he rejects).

Credibility

Plaintiff argues that the ALJ's decision should be reversed because he failed to properly evaluate her credibility. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett*

8

*v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).

The ALJ's decision is not particularly clear about the reasons for discounting Plaintiff's credibility. The ALJ included boilerplate statements of his conclusions, but did not discuss the evidence in conjunction with the credibility analysis, except to note Plaintiff's receipt of unemployment benefits which requires the recipient to be looking for employment and be physically able to work at the same time she is claiming to be disabled. [R. 21-22]. It is unclear whether there were other reasons for the ALJ's credibility determination. On remand, the ALJ should provide a more complete credibility analysis and address the factors appropriate to this case, focusing on the information relevant to the amended onset date. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(listing factors to be considered); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

## Rejection of Vocational Expert's Testimony

Plaintiff alleges the ALJ erred by rejecting the vocational expert's testimony in response to her attorney's hypothetical question. [Dkt. 21, p. 12-13]. At the hearing, Plaintiff's attorney reiterated the findings of mental consultative examiner, Dr. Brian R. Snider. In response, the vocational expert testified that a person with those limitations would be unable to perform her past relevant work or perform other work on a competitive basis. [R. 45-46]. Since the ALJ's treatment of Dr. Snider's opinion is the basis of the court's remand, it will be necessary for the ALJ to revisit this issue.

## **Conclusion**

The decision of the Commissioner is REVERSED and REMANDED.

SO ORDERED this 5th day of November, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

10